979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ESTATE OF Manuel P. ROSARIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3235.
 United States Court of Appeals, Federal Circuit.
 Sept. 21, 1992.
 
 Before PAULINE NEWMAN, ARCHER and LOURIE, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Manuel P. Rosario petitions for review of a Merit Systems Protection Board decision, Docket No. SE08319110362, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On April 4, 1991, OPM denied Mr. Rosario's request for reconsideration of its decision that Mr. Rosario was not entitled to a civil service retirement annuity because he had not shown that he was separated from a position covered by the civil service retirement system preceded by five years of creditable service. 5 U.S.C. § 8333. Mr. Rosario appealed to the Board contending that his service with the Philippine Insular Government and with the Philippine municipality of Pangasinan from June 6, 1921 to November 14, 1935 was at least 5 years of "creditable" service and that the "covered" service requirement did not apply until 1954. The Administrative Judge (AJ) found that Mr. Rosario had approximately three years of creditable service with the Insular Government from June 5, 1927 through June 7, 1930. The AJ determined, however, that Mr. Rosario's remaining service for the municipal government of Pangasinan was not creditable. Accordingly, finding that Mr. Rosario failed to meet the five years of creditable service requirement for entitlement to an annuity, the AJ affirmed OPM's reconsideration decision. The Board denied Mr. Rosario's petition for review. 5 C.F.R. § 1201.115.
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Mr. Rosario states that the Board erred in not counting his service with the municipal government of Pangasinan as creditable service. He contends that Federal Personnel Manual (FPM) Supp. 831-1, App. C-4 supports his position. However, the FPM merely states that service with the municipality of Manila prior to 1901 is creditable service. Service with the municipality of Pangasinan is not made creditable by statute, and there is no basis for inferring that broader scope was intended.
 
 
 4
 Mr. Rosario contends that he was involuntarily separated from federal employment when the Philippine Insular Government ceased to exist upon the creation of the Commonwealth of the Philippines on November 15, 1935. Accordingly, the AJ should have applied the law in effect in 1935 that required an employee who was involuntarily separated from the service to have at least fifteen years of creditable service. See Act of May 29, 1930, ch. 349, § 7, 46 Stat. 468, 474. The requirement that an involuntarily separated employee have only five years of creditable service to qualify for an annuity was not enacted until 1942. See Act of January 24, 1942, ch. 16, § 5, 56 Stat. 13, 16. In any event, Mr. Rosario failed to meet either the five or fifteen year service requirement.